UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1, RODERICK RHODES,

Defendant.
_________________________________/

CASE NO. 08-20604

DISTRICT JUDGE ROBERT H. CLELAND

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION:

I recommend that Defendant's pleas of guilty to Counts 1 through 4, inclusive, of the Indictment be accepted.

### II. REPORT:

#### A. Procedural History

On November 11, 2008, Defendant was charged by Grand Jury Indictment with four offenses: Count 1 - Possession with Intent to Distribute Controlled Substances, Aiding and Abetting; Count 2 - Felon in Possession of a Firearm; Count 3 - Felon in Possession of a Firearm; and Count 4 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Aiding and Abetting. He entered pleas of not guilty on all counts on November 21, 2008. By Stipulated Order of January 9, 2009, the case was set for trial on March 3, 2009. The parties entered into a Rule 11 Plea Agreement and, on February 19, 2009, the district judge issued an Order of Reference to the undersigned magistrate judge for Report and Recommendation on Plaintiff's change of plea. Pursuant to that Order, a hearing was

scheduled for February 27, 2009. The parties appeared, and a change of plea hearing was conducted.

**B. Analysis**

The Rule 11 Plea Agreement calls for Defendant to enter pleas of guilty to Counts 1 through 4, inclusive, of the Indictment. The parties agree that the applicable guideline range under the United States Sentencing Commission Guidelines for Counts 1 through 3 is 41-51 months incarceration and that the sentences on those counts will run concurrently. The parties further agree that the applicable guideline range for Count 4 is 60 months incarceration, which is the mandatory minimum sentence under 18 U.S.C. §924(c). The sentence for Count 4 is to run consecutive to the term of imprisonment imposed for Counts 1 through 3. The agreement further provides for a term of supervised release on Count 4 of 3 to 5 years. The court may impose a fine of $7,500.00 to $75,000.00, and must impose a special assessment of $100.00 on each of the four counts. Defendant agrees to identify all property that is proceeds of, or was acquired with the proceeds of, a drug or money laundering crime, and to forfeit such property to the government, without contest. The Rule 11 Plea Agreement provides that Defendant may withdraw his guilty plea if the court decides to impose a sentence higher than the maximum provided in Part 3 of the Agreement. His pleas may not be withdrawn for any other reason. Defendant further agrees that, if the sentence imposed does not exceed the maximum allowed under Part 3 of the Agreement, he waives any right to appeal his conviction or sentence.

Counsel of record for the Defendant is Marc R. Lakin, Esq.  Mr. Rhodes was represented at the change of plea hearing by Mark Small, Esq., an associate of Mr. Lakin. Defendant consented to proceed in Mr. Lakin's absence, and with the assistance of Mr. Small.

Defendant was placed under oath.  He testified that he is an adult, and that he has 11 years of formal schooling and a GED certificate.  He was not under the influence of alcohol or any form of medication.  He had no ongoing medical or psychological impairment.  Defense counsel expressed his satisfaction that the Defendant was fully competent to enter knowing and voluntary guilty pleas.

Mr. Rhodes expressed satisfaction with the services rendered to him by his attorney of record, and agreed to proceed with the assistance of Mr. Small.  Defendant represented that he had discussed his case completely with counsel, and that he understood his attorneys' advice.  He stated that his decision to plead guilty was his own, and not his attorneys'.  He expressed the view that his guilty pleas were in his best interest, and that his decision to enter them was, at least in part, because he was actually guilty of the crimes charged.

The magistrate judge advised the Defendant that, upon acceptance of his guilty plea by the district judge, he would be convicted of the crimes to which he had pled, and that he would not have a trial.  The magistrate judge reviewed the constitutional rights to which Defendant would be entitled at trial, and explained that a guilty plea would constitute a waiver of those rights, including: the right to trial by jury with the assistance of counsel, the right to be presumed innocent and to require the government to prove each element of each offense beyond reasonable doubt, the right to confront and cross examine the

government's witnesses, the right to employ the subpoena power of the court to compel the attendance of defense witnesses; the right to testify, or not, at Defendant's option, the right to appeal his conviction, and the right to appeal his sentence (so long as the sentence imposed is generally in accord with the Rule 11 Agreement).  Defendant expressed his understanding that his plea of guilty would permanently extinguish each of the rights discussed.

The magistrate judge explained the nature of each offense charged in Counts 1 through 4, inclusive, of the Indictment, and explained to the Defendant the elements of each offense.  Defendant was further informed of the maximum penalty for each charged offense, including the mandatory minimum five year penalty for Count 4, and the requirement that it be served consecutively to the penalties imposed on the other counts.  Defendant was further informed that his sentence would include a period of supervised release, and that his violation of any condition of such release could result in his imprisonment for additional time, even though he had already served the entire sentence for the crimes to which he had pled guilty.

The magistrate judge informed the Defendant that his sentence would be governed by federal law, including the provisions of the Federal Sentencing Guidelines.  He was informed that the court's decision with regard to the appropriate sentencing range might be different - higher or lower - than the sentencing range contemplated by the Rule 11 Agreement.

The magistrate judge informed the Defendant that the court is not a party to the Rule 11 Plea Agreement, and that no provision of that agreement has yet been approved by the court.  Government counsel was called upon to summarize the important terms of the Plea

Agreement. Defense counsel expressed his agreement with the summary, as well as his confidence that his client fully understood the agreement before he signed it. Defense counsel further expressed his opinion that the agreement is in the Defendant's best interests.

Defendant expressed his confidence that he fully understood the terms of the Rule 11 Plea Agreement. He declared that no one had attempted to force or otherwise induce him to enter guilty pleas. He further stated that no one had done anything which he considered improper, illegal or unethical in order to induce his guilty pleas. He acknowledged that, except for the terms of the agreement as reviewed in open court, there were no other promises of any kind made to persuade him to enter guilty pleas.

The magistrate judge then addressed each separate count of the Indictment. As to each count, the Assistant United States Attorney was called upon to state the facts which the government was prepared to prove at trial. Defendant acknowledged, as to each count, the accuracy of the government's factual statement, and defense counsel expressed his satisfaction that an adequate factual basis for a guilty plea existed as to each count. As to each individual count, the Defendant was how he pled. As to each count, 1 through 4, inclusive, he entered a plea of guilty.

Based upon the foregoing, I am satisfied that the Defendant was competent to understand the nature of the proceedings and to enter pleas of guilty; that he understood the terms of the Rule 11 Plea Agreement; that he was satisfied with the assistance rendered by his attorneys; that he understood the nature of the charges against him and the penalties associated with each; that he admitted the accuracy of the factual basis underlying each charge; that his plea of guilty to each count of the Indictment was

knowingly, freely and voluntarily entered; that there is a factual basis for a plea of guilty to each count; and that the Defendant is, in fact, guilty of each offense charged.

Based on the foregoing, and conditioned upon the court's approval of the terms of the Rule 11 Plea Agreement, I recommend that Defendant's pleas of guilty to Counts 1 through 4, inclusive, of the Indictment be accepted, and that he be adjudged guilty of each charged offense. I have ordered the preparation of a transcript of the plea hearing for review by the district judge.

## III. NOTICE TO PARTIES CONCERNING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.

***Note this especially, at the direction of Judge Cleland:*** any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days

after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as “Response to Objection #1,” “Response to Objection #2,” etc.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: March 2, 2009

---

**CERTIFICATE OF SERVICE**

I hereby certify on March 2, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 2, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217