**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES of AMERICA,

    Plaintiff,

v.                                                                                      Case No. 08-20604

RODERICK RHODES,

    Defendant.

                                                              /

**OPINION AND ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION
AND DIRECTING DEFENDANT TO FILE MEMORANDUM**

Pending before the court are Defendant Roderick Rhodes's "§ 2241 Habeas Corpus Petition" and "Rule 11 Motion to Set Aside Plea Agreement of March 13, 2009." In both motions, Defendant seeks to have his sentence vacated as violating the Constitution. For the reasons stated below, the court intends to construe Defendant's motions together as one motion for relief from judgment under 28 U.S.C. § 2255.

**I. BACKGROUND**

On March 13, 2009, the court accepted Defendant's guilty plea to all four counts of the indictment of November 11, 2008. Defendant was subsequently sentenced to 106 months imprisonment on July 9, 2009. On October 12, 2010, Defendant filed a motion for habeas corpus under 28 U.S.C. § 2241. In it, he appears to allege ineffective assistance of counsel, lack of subject matter jurisdiction in this court, lack of standing by the Government, and inadequacy of the indictment on Fourth Amendment grounds.

The motion was assigned to The Honorable Lawrence P. Zatkoff, who entered an order denying it and transferring it to this criminal docket as a motion under 28 U.S.C. § 2255 on October 22, 2010. On the same day, Defendant filed a motion to set aside the plea agreement in his criminal case. In that motion, Defendant alleges that the plea agreement did not meet the procedural safeguards required under Federal Rule of Criminal Procedure 11. Both motions remain pending.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Such motion, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Although Defendant has filed a petition and a motion upon distinct legal grounds, the relief requested in each is consistent with a motion to vacate sentence under § 2255. Each is therefore the equivalent of a petition under § 2255. As Defendant cannot file a second motion under § 2255 without permission of the Sixth Circuit, this court considers them together as one motion. Before characterizing Defendant's filings

2

as a § 2255 motion, however, Defendant must be given the opportunity to withdraw his motions. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2255(h). Thus, the prisoner must be aware that the court's construction of his petition may limit his ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

## III. CONCLUSION

IT IS ORDERED that Defendant is hereby NOTIFIED that the court intends to construe both his "§ 2241 Habeas Corpus Petition" [Dkt. # 45] and his "Rule 11 Motion to Set Aside Plea Agreement of March 13, 2009" [Dkt. # 44] as a single motion for relief under 28 U.S.C. § 2255. By **December 20, 2010**, Defendant may either withdraw the motions or file an amended motion under § 2255. If nothing is filed by **December 20, 2010**, the court will issue an order formally construing the motions as one motion under § 2255 and directing the Government to respond.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 15, 2010, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522