**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 08-20604

RODERICK RHODES,

    Defendant.
                                         /

**OPINION AND ORDER DENYING DEFENDANT'S AMENDED MOTION**
**TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

Pending before the court is Defendant Roderick Rhodes's motion to vacate sentence pursuant to 28 U.S.C. § 2255. As noted in this court's order of November 15, 2010, Defendant was sentenced on July 9, 2009, and judgment was entered on July 15, 2009. Subsequently, Defendant filed a motion for habeas corpus under 28 U.S.C. § 2241, filed on September 29, 2010. After notice to Defendant, that motion was combined with Defendant's motion to set aside the plea agreement, and Defendant filed an amended motion under 28 U.S.C. § 2255 on December 16, 2010. The court ordered a response from the Government, which was filed on January 21, 2011.

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255.  However, a one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255, which runs from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Only the first of these subsections applies to the instant motion.  Defendant's judgment became final on July 29, 2009, when the time to file a notice of appeal ended, fourteen days following entry of judgment.  Fed. R. App. P. 4(b).  Thus, the period of limitation expired on July 29, 2010, two months prior to Defendant's motion.  Although the United States Court of Appeals for the Sixth Circuit has determined that the one-year limitation period is subject to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002), Defendant has asserted no basis for equitable tolling of the statutory period.  Nor does the court discern from Defendant's motion that any indications such basis exists.  Therefore, Defendant's motion under § 2255 is untimely and will be denied.  Accordingly,

IT IS ORDERED that Defendant's amended motion to vacate sentence pursuant to 28 U.S.C. § 2255 [Dkt. # 48] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to set as plea agreement [Dkt. # 44] is TERMINATED AS MOOT.

FINALLY, IT IS ORDERED that Defendant's motion for habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. # 45] is TERMINATED AS MOOT.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: February 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 24, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522